# United States Court of Appeals for the Fifth Circuit

———————

No. 24-60602

———————

United States Court of Appeals
Fifth Circuit
**FILED**
May 2, 2025
Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Luis Javier Sanchez-Zurita,

*Defendant—Appellant.*

———————————————————————

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:24-CR-32-1

———————————————————————

## PUBLISHED ORDER

Before Higginbotham, Jones, and Oldham, *Circuit Judges*.

Per Curiam:

Luis Javier Sanchez-Zurita pleaded guilty without a plea agreement to unlawfully re-entering the United States after having been convicted of an aggravated felony. *See* 8 U.S.C. §§ 1326(a), (b)(2). The district court determined that the applicable Guideline range "does not speak to the seriousness of his transgressions and his disdain for the laws of this country." So it imposed an upward variance and sentenced Sanchez-Zurita to 240 months of imprisonment and 3 years of supervised release.

The district court identified at least seven reasons for its variance. (1) The defendant "has been removed from the United States on more than one occasion, yet he has shown back up." ROA.142. (2) He "fondled the genitals of an eight-year-old boy at knifepoint in a vehicle" and "threatened to kill him if he told anyone." ROA.130. He pleaded guilty to gratification of lust for this conduct, but (3) did not register as a sex offender as was legally required. ROA.130–31. (4) The sentencing court for that child molestation offense showed him immense "leniency" because "he could have been sentenced to ten years' incarceration," but the court "suspended" that sentence. ROA.143. (5) Sanchez-Zurita pleaded guilty to DUI and DUI child endangerment for reckless driving while "extremely intoxicated"—all while a 5-year-old boy was in the backseat. ROA.132. (6) Sanchez-Zurita is an alcoholic and has used cocaine and methamphetamine. ROA.134. (7) "He cannot show that he has been a gainful citizen. He can't identify employers. He can't identify any aspects of that employment in particular where it could be checked." ROA.142.

Nonetheless, the Government moves to vacate his sentence and remand for resentencing. Why? According to the Government, its lawyers exchanged emails with defense counsel prior to sentencing, and those emails could be read "with the benefit of hindsight" and "through a lens most favorable" to Sanchez-Zurita to suggest the Government would tell the district court that it would be satisfied by a Guidelines sentence. Gov't Mot. at 2. The Government insists, however, that it "did not intend to bind itself to making a particular sentencing recommendation if Sanchez-Zurita pled open," that is, without a plea agreement. *Ibid.* But Sanchez-Zurita pleaded open, and the Government did not ask for a Guidelines sentence.

Sanchez-Zurita obviously agrees with the Government and urges us to vacate his sentence. Sanchez-Zurita's principal authority is our decision in *United States v. Munoz*, 408 F.3d 222 (5th Cir. 2005). In that case, the

defendant pleaded guilty pursuant to a written plea agreement, and in that written plea agreement, the Government expressly warranted its view of the applicable Guidelines sentence. We said:

> If a defendant pleads guilty as part of a plea agreement, the Government must strictly adhere to the terms and conditions of its promises in the agreement. When a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled. In determining whether the Government violated a plea agreement, this court considers whether the Government's conduct was consistent with the defendant's reasonable understanding of the agreement. If the Government breaches a plea agreement, the defendant is entitled to specific performance of the agreement with sentencing by a different judge.

*Id.* at 226 (cleaned up).

Here, however, there was no plea agreement. Neither side has submitted any emails or other evidence of any agreement to our court, nor does the record contain any evidence of such an agreement. To the contrary, the Government expressly warrants there was *no* agreement. *See* Gov't Mot. at 2. And neither side argues that Sanchez-Zurita is entitled to specific performance of any (apparently non-existent) agreement before a different sentencing judge. In short, we have no basis to vacate the sentence.

The motion to vacate and remand the case for resentencing is DENIED.